NOT DESIGNATED FOR PUBLICATION

Nos. 122,112
122,113

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN WESLEY COKELEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 4, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Justin Wesley Cokeley appeals the trial court's decision to revoke his probation in two criminal cases: 18 CR 2100 and 18 CR 2878. We consolidated these cases on appeal and granted Cokeley's motion for summary disposition under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State responded to the motion for summary disposition and asked us to affirm the trial court's judgment. Finding no error, we affirm.

In October 2018, Cokeley pleaded guilty to aggravated battery in case No. 18 CR 2100. At the sentencing hearing for that case, Cokeley pleaded guilty in another case—18

1

CR 2878—to two counts of aggravated assault and one count of criminal possession of weapon. The trial court followed the terms of the parties' plea agreements in both cases and sentenced Cokeley as follows:

- No. 18 CR 2100: 24-month presumptive probation term, with an underlying 25 months in prison and 12 months of postrelease supervision; and
- No. 18 CR 2878: 29 months in prison and 12 months' postrelease supervision.

The trial court granted Cokeley a dispositional departure of 24 months' probation in 18 CR 2878. In granting the departure, the trial court found that Cokeley suffered from mental health and addiction issues, but he was willing to engage in treatment.

Cokeley later violated his probation. At an evidentiary hearing in October 2019, the State presented evidence showing Cokeley twice battered his mother in August 2019 and also committed various technical violations—failure to notify his probation officer of negative police contact; to provide proof of drug and alcohol treatment; to obtain employment; and to provide negative urine analyses. The State—joined by the representing probation officer—moved to revoke Cokeley's probation in both underlying cases. Cokeley's defense counsel elicited testimony suggesting Cokeley's mother was confused as to what occurred each time her son attacked her and claimed that the State presented insufficient evidence to establish that Cokeley harmed his mother. And, thus, Cokeley asked that the trial court impose an intermediate sanction rather than impose his underlying sentences. Alternatively, Cokeley asked that the trial court modify his sentences to allow for a reduced prison term. The trial court rejected Cokeley's insufficiency claim and denied his motion to modify. After finding Cokeley violated the terms of his probation and committed new crimes, the trial court imposed Cokeley's underlying prison sentences. As for its decision to revoke Cokeley's probation in 18 CR 2100, the trial court also found that Cokeley's and the community's interests were best

served by revoking his probation and the nature of Cokeley's new crimes—as well as his lengthy criminal history—evidenced a public safety concern. Cokeley timely appeals.

On appeal, Cokeley contends that the trial court abused its discretion by imposing his underlying sentences after acknowledging that his mental health issues contributed to some of his conduct. Although the trial court noted that Cokeley had mental health issues before revoking his probation, we are not persuaded that the trial court's decision was an abuse of discretion.

Once a probation violation has occurred, the trial court has the discretion to revoke a defendant's probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). The trial court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Because he does not allege factual or legal error, Cokeley bears the burden to show that no reasonable person would agree with the trial court's decision. See 310 Kan. at 615; *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012) (party asserting abuse bears burden of showing abuse occurred).

Cokeley committed his probation violations in August 2019. So the 2019 version of the statute applies here. See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) (holding that the law in effect on the date of the probation violation controls, "not the law that existed when the defendant committed the underlying crime . . . , nor the law in effect when the probation hearing occurred"). Under K.S.A. 2019 Supp. 22-3716(c)(7)(A)-(C), a trial court may revoke a defendant's probation when, as here, the trial court sets forth particularized findings regarding public safety or a defendant's personal welfare; probation was granted as a dispositional departure; or the defendant commits a new crime. All three statutory subsections apply here.

Under these facts, we find nothing unreasonable about the trial court's decision to revoke Cokeley's probation and impose his original prison sentences when Cokeley committed new crimes including domestic violence battery against his mother, committed several technical violations, and had a long history of committing serious criminal acts. Additionally, Cokeley was granted probation in 18 CR 2878 as the result of a dispositional departure. See K.S.A. 2019 Supp. 22-3716(c)(7)(B); *State v. Coleman*, 311 Kan. 332, 337, 460 P.3d 828 (2020). Because Cokeley's crime of conviction was committed after July 1, 2017, the trial court was not required to impose intermediate sanctions before revoking his probation. Thus, we conclude that the trial court did not abuse its discretion when it imposed Cokeley's original sentences upon revoking his probation.

Affirmed.